UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WASHINGTON,

       Plaintiff,

v.                                               CASE NO. 03-72581
                                                HON. LAWRENCE P. ZATKOFF

EXPO.COMPANY KIRCHNER
GMGH & CO. KG., a German Corporation,

       Defendant.
_____/

## **ORDER**

       This matter is presently before the Court upon Plaintiff's motion for a default judgment pursuant to FED. R. CIV. P. 55. On January 17, 2006, the Court entered a default against Defendant for failure to appear as ordered to a Final Pre-Trial Conference. A hearing on the default was scheduled for September 19, 2006. In two subsequent Orders, the Court adjourned the default judgment hearing due to Plaintiff's difficulty serving notice on Defendant, a German corporation, pursuant to the rules outlined in the Hague Convention. The hearing is currently scheduled for March 15, 2007.

       Recently, Plaintiff has learned that Defendant has filed for bankruptcy and has dissolved. Moreover, Defendant's Resident Agent and President, Hermann Kirchner, formed a new corporation immediately after Defendant's dissolution that took on virtually identical business practices as Defendant. Plaintiff now seeks to adjourn the hearing on Defendant's default, amend his complaint to add a claim against Mr. Kirchner under the theory of piercing the corporate veil, and to serve Defendant through alternate means.

       Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleadings

upon leave of the court, and states that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court enunciated the following standard when determining whether to grant leave to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the Court will liberally grant leave to file a supplemental pleading unless it finds the existence of factors such as undue delay, bad faith, undue prejudice, or that the amendment would be futile.

The delay in the present case is not attributable to Plaintiff, but rather the inherent difficulties in serving a foreign corporation. In fact, the Court finds that Plaintiff has exhibited extraordinary diligence in prosecuting his cause of action despite having to twice adjourn the default judgment hearing. In light of the unusual circumstances in this case and the liberal pleading rules, the Court concludes that it will be in the interest of justice to allow Plaintiff to amend his complaint to add Mr. Kirchner as a defendant under the theory of piercing the corporate veil. The Court finds that the formation of a new corporation immediately following the dissolution of Defendant warrants the new claim and that Defendant will not be unduly prejudiced by the amendment. Furthermore, given Plaintiff's difficulties thus far in obtaining service, the Court finds that alternate service is appropriate in this case. Therefore,

IT IS ORDERED that Plaintiff's Motion to Amend his complaint is GRANTED.

IT IS FURTHER ORDERED that Plaintiff be allowed to serve Defendant through alternate

means consistent with the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the default judgment hearing be adjourned until Tuesday, September 18, 2007.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated:  March 14, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 14, 2007.

s/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290